By the Court.—Sedgwick, Ch. J.
On the trial, it appeared that if one Harrison acted as broker for the defendants, in selling certain coupons to the plaintiffs, the defendants were liable to plaintiffs for not delivering them, but if Harrison had bought the coupons from the defendants and then sold them to plaintiffs, the defendants were not liable.
The plaintiffs sustained their position that Harrison was an agent, by certain letters and circumstances, which, in the absence of explanation by defendants, made a question for the jury. But there was no admission by any letter of defendant that there was such agency, nor was there any direct proof on that subject, excepting such as was given by one of the defendants. When on the stand, he swore that Harrison was a buyer of the coupons from the defendants, and not their agent. This testimony, if true, was not inconsistent with any other testimony, but furnished the explanation that the documents and circumstances called for. In order to justify the court in dismissing the complaint, it was only necessary to determine that the defendant was a, credible witness. I am of opinion that the judge was bound to hold the witness credible, from the fact that the plaintiffs had called the defendant as their own witness, and thereby presented him as credible. It is suggested that these facts came *432 out on cross-examination. It would make no difference at what time they were called out, even if on direct examination as a witness for the defense, provided the plaintiffs had previously called him and presented him to a jury as credible. They could not thereafter gainsay that. The purpose for which the plaintiffs called the defendant as a witness was not formal, nor* were they obliged by law to call him. Their action was voluntary, and when they called him to the book to be sworn, they admitted and asserted that he would be bound by the obligations of an oath. The circumstances did not allow a supposition that he might, be mistaken, and that his testimony, therefore, might be corrected by the other testimony.
I think that the rule on this subject applies to a party called as a witness by the opposite party. There would be the same inconsistency, in case of a party, in asserting that he was not a credible witness as to some things, while he was as to others. Credibility cannot be divided. It is attached to the moral character. I therefore- think that the court was correct in holding that, as against the plaintiff, who called the defendant, the testimony of the latter should be believed, and the complaint dismissed.
This view of the legal force of the defendant’s testi- . mony renders unnecessary an examination of the exception to the admission of certain letters of the defendants.
The judgment should be affirmed, with costs.
Freedman, J., concurred.